The Cincinnati, Wabash, and Michigan Railroad Company *et al. v.* Wells *et al.*

———————•———————

## THE CINCINNATI, WABASH, AND MICHIGAN RAILROAD COMPANY ET AL. *v.* WELLS ET AL.

RAILROAD.—*Appropriation to.—Petition.— Notice.— Injunction.*—Under " an act to authorize aid to the construction of railroads by counties and townships taking stock in and making donations to railroad companies," 3 Ind. Stat. 389, the petition to the board of county commissioners, and the notice of election issued by the auditor, must specify the amount to be appropriated, and not a *per centum* upon the taxable property; and, where the petition does not specify the amount, but asks a certain *per centum* upon the taxable property of the county to be appropriated, the action of the board of commissioners, and the proceedings thereunder, to levy a tax, are void, and may be enjoined, at the suit of a tax-payer of the county; and an appeal from the action of the board is unnecessary.

The Cincinnati, Wabash, and Michigan Railroad Company *et al. v.* Wells *et al.*

APPEAL from the Grant Circuit Court.

DOWNEY, J.—Complaint by appellees against the railroad company, the treasurer, and the board of commissioners of Grant county, to enjoin the collection of certain taxes levied for the purpose of raising money to be donated to the Grand Rapids, Wabash, and Cincinnati Railroad Company, which company, by consolidation with another company, afterward became the Cincinnati, Wabash, and Michigan Railroad Company. The complaint shows that the appellees are the owners of real and personal property in the county, subject to taxation, and consequently that they have such an interest as entitles them to sue.

The petition presented to the board of commissioners was as follows:

"To the honorable Board of Commissioners of Grant county, Indiana, at a called session, to be held on Saturday, October 2d, 1869.

"The undersigned voters and freeholders, residents of Grant county aforesaid, represent to your honorable body that the Grand Rapids, Wabash, and Cincinnati Railroad Company is a company duly organized under the laws of the State of Indiana; and your petitioners pray your honorable body to make an order for an election upon a day fixed therein of the voters of said county, to determine by such vote whether a tax shall be levied of one and three-quarters per centum upon all the taxable property of said county, to aid said railroad company in making and constructing a railroad through said county, and to donate to said railroad equal to the amount that can be raised therefrom to said company for that purpose, in accordance with the provisions of the act of the general assembly of the State of Indiana, approved May 12th, 1869, entitled 'An act to authorize aid in the construction of railroads by counties and townships taking stock in and making donations to railway companies.'" Signed by more than one hundred persons.

On the said second day of October, 1869, on presentation of the petition, the board ordered it to be filed, and after in-

spection of it, made and entered on their minutes this order:

"Ordered by the board, that there be held in each of the several townships in the county of Grant, and State of Indiana, an election, on the 8th day of November, 1869, for the purpose of determining whether there shall be donated by said commissioners, out of the county treasury, an amount equal to one and three-fourths per centum on each dollar valuation of real and personal property in said county, one-half of which amount to be levied at the June term, 1870, and the other half to be levied at the June term, 1871."

The following is the notice which was given of the election:

"RAILROAD ELECTION.

"Whereas, at a special session of the board of commissioners of Grant county, held on Saturday, the 2d day of October, 1869, a petition signed by sundry citizens of said county of Grant was presented, asking that the necessary steps be taken to levy a tax for the purpose of aiding in the construction of the Grand Rapids, Wabash, and Cincinnati Railroad;

"Now, therefore, notice is hereby given, that an election will be held, at the usual places of holding elections in the several townships in said county of Grant, on Monday, November 8th, 1869, in order that the qualified voters of the several townships may vote on the question of levying a tax, not exceeding one and three-fourths per centum upon the taxable property of said county of Grant, to aid in the construction of the Grand Rapids, Wabash, and Cincinnati Railroad, under the provisions of an act of the general assembly of the State of Indiana, approved May 12th, 1869.

"By order of the board of commissioners of Grant county.

"Attest:                             WILLIAM NEAL,
"October 4th, 1869.                             Auditor."

The notices posted up by the sheriff were in the same form.

On the 19th day of October, 1869, the board of commissioners made this further order:

"Ordered, by the board, that the tax heretofore levied, to

wit, one and three-fourths per centum, to aid in the construc-
tion of the Grand Rapids, Wabash, and Cincinnati Railroad,
be graduated as follows, to wit:    In the townships of Van
Buren, Monroe, Jefferson, Richland, Sims, and Green, one
per cent. on the real and personal property; in the town-
ships of Washington, Pleasant, Center, Marion, Franklin,
Mill, Jonesboro, Fairmount, and Liberty, two per centum
on the real and personal property; and if the said rates per
centum be voted by the several townships at the election to
be held on the 8th day of November, then the county shall
take stock in said road to the amount equal to the sum
raised by the rates as above."

The order was, by the authority of the commissioners,
issued and largely circulated between the time it was made
and the day of the election.

The election, according to the returns made, showed a
majority for the railroad appropriation.

The commissioners attempted to carry out the order
which they had made, fixing a different rate of taxation in
different townships; but at the suit of one Tibbetts against
the board of commissioners and others, in the circuit court,
it was held that they could not do this, and they were
directed to, and did, levy a tax according to the original in-
tention, and it is this tax, the collection of which was en-
joined in this action.    Without setting forth more of the
complaint and accompanying documents, we will proceed to
the questions in the case, or some of them.

The first error assigned is the overruling of the demurrer
to the complaint.

We are very clear that this ruling was correct.    We will
mention but two objections to the proceedings.    The first is
in the petition, and the second in the notice.    The first sec-
tion of the act, 3 Ind. Stat. 389, requires the amount to be
appropriated to be specified in the petition.    The petition in
this case asked for a vote to determine whether a tax should
be levied of one and three-quarters per centum upon the
taxable property of the county, and that the amount to be

donated should be equal to the amount that could be raised therefrom. It is useless to spend time in further demonstrating that this is not a specification of an amount to be appropriated.

Section 3 of the act relating to the notice of the election requires that the amount which it is proposed to appropriate shall be specified in the notice. In this case, as will be seen, the notice was that the amount for which the tax would be levied should not exceed one and three-fourths per centum upon the taxable property. The amount is not fixed at one and three-fourths per cent., even if that could have been held to be a compliance with the act. That rate of taxation was mentioned as the rate which should not be exceeded, but no certain rate of taxation, nor any amount of money to be appropriated, was mentioned or fixed. We have already held that a notice which did not specify the amount to be appropriated was invalid, and that the subsequent proceedings based on it were void. *Crooke* v. *The Commissioners of Daviess County*, 36 Ind. 320. If further authorities are considered necessary upon these points, we refer to *Mercer County* v. *The Pittsburgh and Erie Railroad Company*, 27 Pa. St. 389, and *The State* v. *Saline County Court*, 45 Mo. 242. There are other objections to these proceedings, about which we are not so well agreed.

The railroad company answered the complaint. The plaintiff demurred to the answer, and the demurrer was sustained, and this is the second error assigned. We have examined this answer and the accompanying documents, and are of the opinion that it does not state facts sufficient to constitute a defence to the action.

It is insisted by the appellants that as there might have been an appeal from the action of the board of commissioners, that remedy should have been resorted to, and that an injunction will not be granted. But an appeal could not be necessary to get rid of a void proceeding. If we are right in our opinion, that the petition was insufficient, the action of the board could not give it validity. The notice

followed the order of the board, and defects in it could not have been reached by appealing from the order. Injunctive relief has been too long and too frequently applied in cases like this to justify any doubts as to the propriety of the remedy now. If it be conceded, as claimed by counsel for the appellant, that the record of the commissioners imports absolute verity, and that it must stand until reversed on appeal, we do not see how the application of this principle can benefit the appellant. Conceding that it means just what it says, and that what it asserts cannot be contradicted, still it fails to assert what is necessary to be shown in order to render the proceeding valid.

The judgment is affirmed, with costs.

*J. Brownlee* and *H. Brownlee*, for appellants.

*J. Van Devanter, J. F. McDowell, A. Steele, R. T. St. John,* and *J. L. Custer,* for appellees.