### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

## AT INDIANAPOLIS, MAY TERM, 1879, IN THE SIXTY-THIRD YEAR OF THE STATE.

---

### WILLIAMS ET AL. *v.* HALL ET AL.

RAILROAD.—*Appropriation to.*—*Petition.*—*Notice.*—A petition to a board of commissioners to make an appropriation of money, by taxation of a certain township, to aid in the construction of a railroad, and also the notice of election, specified a certain sum, "or a sum equal to two per centum of all taxable property in said township," as the appropriation desired.

*Held,* that the amount of the appropriation is set out with sufficient certainty.

SAME.—*Harmless Evidence.*—*Unassessed Property.*—On the trial of an action by a tax-payer to enjoin the collection of such tax, it appearing that the sum specified was exactly two per centum of the assessed taxable property of the township, it was harmless to allow evidence by the defendant of unassessed property subject to taxation in that township.

SAME.—*Cases Distinguished.*—*The Cincinnati, etc., R. R. Co.* v. *Wells,* 39 Ind. 539, and *The Detroit, etc., R. R. Co* v. *Bearss,* 39 Ind 598, distinguished.

BIDDLE, J., dissented, denying the constitutionality of the law authorizing such appropriations.

From the Hamilton Circuit Court.

VOL. LXV.—9

*D. Moss,* for appellants.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham,* for appellees.

WORDEN, C. J.—This was an action by the appellants, who were tax-payers of Noblesville Township, of Hamilton county, against the appellees, who were the auditor, treasurer and board of commissioners of the county, the object of which was to enjoin the collection of a certain tax levied upon the property of the township, to aid the Anderson, Lebanon and St. Louis Railroad Company, in the construction of its road running through that township.

Issue was joined, and the cause was tried by the court, resulting in a finding and judgment for the defendants.

There are but two points made in the cause by counsel for the appellants, on which a reversal is asked, one of which relates to the sufficiency of the petition to the board of commissioners, and the notice given to the voters for taking the vote of the township on the subject of the appropriation; and the other point relates to the admission of certain evidence offered by the defendants.

The language of the petition, so far as the amount sought to be appropriated is concerned, is as follows:

"We, the undersigned citizens," etc., "petition your honorable board, and represent that we desire said township to raise, by taxation and appropriation, the sum of twenty-eight thousand five hundred dollars, or a sum equal to two per centum of all taxable property in said township," etc.

The same alternative language, as to amount, is carried into the notice given of the election.

It is claimed by the appellants, that this uncertainty as to amount renders the whole proceedings void.

The statute provides that the petition shall specify the amount sought to be appropriated, but the amount can not exceed two per centum upon the amount of the taxable

property of such township on the tax duplicate of the county for the preceding year. The amount must also be specified in the notice to be given of the election. 1 R. S. 1876, p. 736, secs. 1 and 3.

In the case of *The Cincinnati, etc., R. R. Co.* v. *Wells,* 39 Ind. 539, the petition specified, as to amount to be appropriated, " one and three-quarters per centum upon all the taxable property ; " and, in the case of *The Detroit, etc., R. R. Co.* v. *Bearss,* 39 Ind. 598, the petition specified " two per cent. upon the taxables of said township." In both these cases, the petitions were held insufficient, and the proceedings under them void. But it may be observed that in them no amount whatever was specified, and we think they are clearly distinguishable from the present case. Here the petitioners specified the amount of twenty-eight thousand five hundred dollars, as the sum they desired to have appropriated. The fair meaning of the petition was, that the petitioners desired an appropriation of only the sum mentioned, though it might fall short of the two per centum provided for by the statute ; but, if it should exceed the amount of the two per centum, then they desired only the amount of the two per centum. This, it seems to us, was a substantial compliance with the statute. No one could have been misled by the petition or notice, nor could any one have voted under any misapprehension of the amount of the appropriation asked for. The petition and notice were sufficient.

We pass to the other question.

The appropriation made was twenty-eight thousand two hundred and thirty dollars and thirty cents, to be collected in two several years.

The amount was exactly two per centum on the amount of the taxable property of the township, on the tax duplicate of the preceding year.

The amount of taxables, upon which the per centum was calculated, did not include any of the property of the In-

dianapolis, Peru and Chicago Railroad Company, in the county, amounting to one hundred and five thousand dollars, no part of which was on the duplicate of the property of the township. The defendants proved, over the objection of the plaintiffs, that the portion of this railroad property belonging to the township was thirty-five thousand dollars. This evidence did the plaintiffs no possible harm, because this railroad property did not form any part of the basis on which the per centum was calculated.

There is no error in the record.

The judgment below is affirmed, with costs.

BIDDLE, J., dissents. He denies the constitutional power to levy the tax, and for his reasons cites his dissenting opinion in *Petty* v. *Myers*, 49 Ind. 8.